**LAW OFFICES OF
WAGNER & JONES LLP**
Nicholas J.P. Wagner #109455
Andrew B. Jones #076915
Daniel M. Kopfman #192191
Lawrence M. Artenian #103367
Paul C. Mullen #216447
1111 E. Herndon, Ste. 317
Fresno, CA 93720
559/449-1800
559/449-0749 Fax

Attorneys for Plaintiff MICHAEL MARTIN

UNITED STATES DISTRICT COURT

EASTERN DIVISION - FRESNO

| | |
|---|---|
| MICHAEL MARTIN, | ) Case No. 1:11-CV-298 AWI SMS |
| Plaintiff, | ) |
| vs. | ) **CONFIDENTIALITY AGREEMENT AND** |
| | ) **STIPULATED PROTECTIVE ORDER** |
| HOME DEPOT U.S.A., INC., a corporation, and DOES 1-25, inclusive, | ) |
| Defendants. | ) |

Plaintiff MICHAEL MARTIN ("Plaintiff') and Defendant THE

HOME DEPOT U.S.A., INC. ("Defendant") (collectively the

"Parties") possess certain confidential information which may he

disclosed to the opposing party in this action pursuant to

discovery undertaken herein. The Parties, through their

attorneys of record, stipulate that they have no wish or

intention to use confidential information for any purpose beyond

this action. The purpose of this Agreement/Order is to ensure

that the confidentiality of such information is protected

consistent with California and federal law. This Agreement/Order

is not intended to afford any protection to information that

would not be considered confidential under applicable law.

Pursuant to Local Rule 141.1(c), the Parties recognize the

following types of information is eligible for protection as

confidential information and jointly request that this Agreement

be entered as an enforceable Order of this Court to protect the

confidential nature of the information protected by this

Agreement/Order: Defendant asserts it is in possession, custody

or control of information that contains and/or constitutes

confidential information regarding employees and former

employees or which involves trade secrets or confidential

business information or private information, including, but not

limited to, private financial information subject to protection

under the California Constitution, California Civil Code,

California Code of Civil Procedure or other applicable law

(collectively referred to as "Confidential Information").

Defendant has a cognizable interest in the Confidential

Information, and the disclosure of such Confidential Information

may result in harm to the disclosing party or other

individuals/entities to which the information relates. Plaintiff

contends that some of this information, which Defendant

considers to be Confidential Information, is relevant to the

above-captioned action and discoverable. Plaintiff is in

possession of private financial information, subject to

protection under California law, that Plaintiff has a cognizable

interest in the Confidential Information produced by Plaintiff,

and that the disclosure of such Confidential Information may

result in harm to Plaintiff.

### CONFIDENTIALITY AGREEMENT

Accordingly, subject to the approval of the Court, the

Parties agree that the following procedure shall be employed for

the protection of the Parties' Confidential Information:

1.   For purposes of this Agreement/Order, Confidential

Information means any document, writing, paper, reproduction,

model, photograph, film, videotape, tangible thing, transcript

or oral testimony or recorded statement, which the party in

possession (the "Producing Party") designates as "Confidential."

2.   Whenever a Producing Party produces a document or

thing containing information that said party deems to be

Confidential Information, and which said party wishes to be

subject to this Agreement/Order, the Producing Party shall mark

or designate the document or thing "Confidential — Subject to

Protective Order" or use words to that effect. The Parties will

act in good faith in determining whether information is

Confidential Information and will not "blanket" designate all produced documents as Confidential Information.

   3. All material which a Producing Party designates "Confidential" in this action shall be maintained in strict confidence by the Parties, and used solely for the litigation of and/or arbitration hearing in this action. The Parties shall not intentionally disclose or permit to be disclosed material which is designated "Confidential" except to the extent that Confidential Information may be shared with the following persons or parties unless otherwise indicated herein:

       (a)  All Parties to this action, their respective counsel, their legal and clerical staff, agents, and experts or consultants of such counsel to whom it is necessary that such confidential information be disclosed for the purpose of preparing for the litigation of and/or arbitration hearing in this action.

       (b)  Individuals testifying at a deposition or during the trial or any related hearing in this action whom counsel for the parties believe, in good faith, it is necessary to disclose specific documents, subject to the conditions set forth in this Agreement/Order and provided that the Producing Party is given a reasonable opportunity to object to such disclosure and seek a ruling from the Court if necessary;

1

2

(c)   The Court and the Court's respective staff members;

3

4

5

6

7

(d)   Those present in the room during the trial in this matter, including all pre¬trial and motion hearings, and during presentation/argument of this evidence, unless the Court orders otherwise; and

8

9

(e)   Any other person as to whom the parties agree in writing.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

4.    Any material which a Producing Party considers to be highly Confidential may be marked "Confidential — Attorneys' Eyes Only." Material designated as such shall not be disclosed to anyone other than legal counsel for the party to whom the documents have been produced ("Receiving Party") and the Court unless prior written authorization is obtained from the Producing Party. In the event the Receiving Party believes material designated as "Confidential - Attorneys' Eyes Only" needs to disclosed to other individuals, the Parties agree to "meet and confer" in an attempt to resolve the issue. In the event the Parties cannot agree on a resolution, the issue shall be presented to and resolved by the Court.

24

25

26

27

5.    Counsel for all Parties in the within action, by executing this Agreement/Order, undertake to abide by and be bound by its provisions, and to use due care to ensure that its

28

provisions are known by and adhered to by those under their supervision or control.

6.   The Receiving Party reserves the right to challenge the designation of any documents as "Confidential" or "Confidential - Attorneys' Eyes Only" by moving the Court for an order that the confidentiality designation be lifted. Nothing in this Agreement/Order shall be construed as changing the law with regard to which party has the burden of proving that information is "Confidential" or "Confidential - Attorneys' Eyes Only" or as changing the law with regard to when records may be sealed. The burden of establishing that a document is "Confidential" or "Confidential - Attorneys' Eyes Only" remains with the proponent of the confidentiality. Before bringing such a challenge, the Parties shall meet and confer in good faith in an attempt to resolve the issue without court intervention.

7.   At the conclusion of this litigation, all documents and information designated as "Confidential" or "Confidential - Attorneys' Eyes Only" will be returned to the Producing Party, or counsel shall certify the destruction thereof, within a reasonable amount of time, unless the Court has deemed the originally designated confidential information otherwise as a result of a motion or any other procedure.

Use of Confidential Documents

8.    A court reporter or transcriber who reports or transcribes testimony designated as "Confidential Information" in this action that is designated as such on the record at the deposition or other proceeding, shall separately bind those portions of the testimony, and any "Confidential" exhibits, and shall mark them "Confidential — Subject to Protective Order," but shall unbind them if deemed not "Confidential" by order of the court or by agreement of the Parties.

9. If any Receiving Party or any of their representatives (the "Compelled Party") becomes legally compelled or is required by a court, agency or governmental body to make any disclosure of information marked "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to this Agreement/Order, the Compelled Party shall immediately, but in no event later than three (3) business days after the Compelled Party receives a subpoena or otherwise becomes aware that he is or will be required to make such disclosure, notify the Producing Party by facsimile and telephone call to that party's counsel so that the Producing Party may move for a protective order or otherwise object or seek relief to prevent the disclosure of the Confidential Information.

/ / /

/ / /

/ / /

## NO WAIVER OF PRIVILEGE

10.   A Party who, through inadvertence or mistake, produces any material or information subject to a legitimate claim of attorney-client privilege or attorney work product doctrine without intending to waive the claim of privilege shall not be held to have waived that privilege with respect to either that document or the subject matter of that document if, within ten (10) days of discovering the inadvertent disclosure of the protected material, the Producing Party provides written notice to the Receiving Party (a) identifying the material or information inadvertently produced, (b) stating the privilege asserted, (c) and requesting its return by the Receiving Party.

11.   The Receiving Party, upon discovery of materials or information where it is reasonably apparent that the information is privileged under the attorney-client privilege or attorney work product doctrine, must either (a) promptly return the documents to the Producing Party as inadvertently disclosed material; or (b) notify the Producing Party, in writing, of the potential inadvertent disclosure, identify the materials or information by their "Bates" number, and provide the Producing Party with an opportunity to recall the material per the procedure established in Paragraph 10 .of this Agreement/Order. Notwithstanding the foregoing, this Agreement/Order is not intended to create attorney-client privilege or work product

obligations beyond those recognized by California law, but is intended to create a process to ensure that the Parties' rights are protected.

12.   Upon the Receiving Party's receipt of written notice from the Producing Party identifying inadvertently produced documents, the Receiving Party must promptly return the specified materials or information, any copies or notes thereof, and any materials derived from or based thereon. If privileged materials or information were produced in electronic form, the Receiving Party must provide a certification that the specified data and any copies thereof have been deleted.

13.   After the return of the documents subject to a claim of inadvertent production, the Receiving Party may contest the Producing Party's claim(s) of attorney-client privilege, work-product, or other protection from disclosure and submit such issue to the Court for determination.  That determination shall be made without regard to the fact that any such document previously has been produced, except that the Parties may argue that the circumstances support an inference that disclosure was not inadvertent.

/ / /

/ / /

/ / /

/ / /

**GENERAL PROVISIONS**

14.   This Agreement/Order terminates and supersedes all prior understandings or agreements on the subject matter hereof.

15.   This Agreement/Order is binding on all Parties to the Agreement/Order when signed. If not approved by the Court, the Parties agree to treat all materials designated as "Confidential" or "Confidential - Attorneys' Eyes Only" under this Agreement/Order as "Confidential" or "Confidential - Attorneys' Eyes Only" until a stipulated protective order is entered by the Court, at which such time that order shall cover such designations retroactively.

16.   Nothing in this Agreement/Order prevents any Party from applying to the Court for a modification of this Agreement/Order should the moving party believe that the Agreement/Order, as originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the Court for further or additional protective agreements; or from an agreement between The. Parties to any modification to this Agreement/Order, subject to the approval of the Court.

17.   The failure of the producing party to designate information as "Confidential" or "Confidential - Attorneys' Eyes Only" shall not of itself be deemed a waiver in whole or in part of the claim of confidentiality, either as to specific information disclosed or as to other related information which

has been previously designated as "Confidential" or

"Confidential - Attorneys' Eyes Only," and the failure may be

corrected by supplemental written notice to recipients.

     18.   Nothing herein shall require any party to produce

documents or information which he/she/it otherwise believes are

not discoverable.


Dated: November 8, 2011   LAW OFFICES OF WAGNER & JONES LLP



                              /s/ Andrew B. Jones
                              ANDREW B. JONES
                              Attorneys for Plaintiff
                              MICHAEL MARTIN



Dated: November 8, 2011   OGLETREE, DEAKINS, NASH, SMOAK
                              & STEWART, P.C.



                              /2/ Donald Choi
                              DONALD CHOI
                              Attorneys for Defendants
                              THE HOME DEPOT U.S.A., INC.



                         **ORDER**

     GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that the

provisions of the concurrently-filed Confidentiality Agreement

and Stipulated Protective Order between Plaintiff MICHAEL MARTIN

and Defendant THE HOME DEPOT U.S.A., INC., ("Agreement/Order")

shall be entered as the Order of the Court and be binding upon

the parties.

    IT IS FURTHER ORDERED that any request to seal records must

comply with the procedures set forth in Local Rule 141 and must

also comply with Federal Rule of Civil Procedure 26(c)(1),

including that the requesting party must make a showing of good

cause.


IT IS SO ORDERED.

    Dated:   __**November 10, 2011**__              ____**/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE