1

2

3

4

5

6

7

8                          IN  THE  UNITED  STATES  DISTRICT  COURT

9                    FOR  THE  EASTERN  DISTRICT  OF  CALIFORNIA

10

11  MICHAEL MARTIN,                    )      1:11-cv-00298-AWI-SMS
                                       )
12               Plaintiff,            )      **NEW** SCHEDULING CONFERENCE ORDER
                                       )      **(Doc. 8)**
13  vs.                                )
                                       )      Expert Disclosure Deadline:
14  HOME DEPOT U.S.A., INC., a         )      9/21/12
    Delaware corporation, et al.,      )
15                                     )      Supplemental Expert
                 Defendants.           )      Disclosure Deadline:
16  _____   )      10/5/12

17                                            Discovery Deadline:
                                              8/22/12 (non-expert)
18                                            11/9/12 (expert)

19                                            Non-Dispositive Motion
                                              Filing Deadline: 10/26/12
20
                                              Dispositive Motion
21                                            Filing Deadline: 11/30/12

22                                            [2nd] Settlement Conference:
                                              *not applicable at this time*
23
                                              Pre-Trial Conference Date:
24                                            2/1/13, 8:30am, Ctrm. 2/**AWI**

25                                            Trial Date: 3/19/13, 8:30am,
                                              Ctrm. 2/**AWI** (JT ~ 7-10 days)
26

27        1.    Date of [Re-]Scheduling Conference:

28              February 14, 2012.

                                     1

2.   Appearances of Counsel:

Paul C. Mullen, Esq., of Wagner & Jones, LLP, appeared telephonically on behalf of plaintiff.

Michael J. Sexton, Esq., of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., appeared telephonically on behalf of defendant.

3.   Discovery Plan and Cut-Off Dates:

A.   Pursuant to F.R.Civ.P.26(b), and except as the court may order after a showing of good cause, the "(p)arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any other party."

B.   Unless otherwise stipulated between the parties or ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery shall be limited as follows:

(1)   Depositions:

a.   Each side may take no more than ten (10) depositions.

b.   A deposition shall be limited to one (1) day of seven (7) hours.   F.R.Civ.P.30(d).

(2)   Interrogatories:

a.   "(A)ny party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . ."   F.R.Civ.P.33(a).

C.   Pursuant to F.R.Civ.P.26(e), the parties shall supplement their disclosures and amend their responses to discovery requests in a timely manner.

D.   The parties are ordered to complete all discovery pertaining to non-experts on or before August 22, 2012, and all discovery pertaining to experts on or before November 9, 2012.

E.   The parties are directed to disclose all expert witnesses, in writing, on or before September 21, 2012, and all supplemental expert witnesses, in writing, on or before October 5, 2012.  The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all information required thereunder**.  Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

The provisions of Fed.R.Civ.P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

4.   Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before October 26, 2012, and are (customarily) heard on Wednesdays at 10:00 a.m. in Courtroom No. 1 on the Eighth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge.  **NOTE**: It is the policy of Judge Snyder's chambers that a hearing date first be cleared with chambers at (559) 499-5690 prior to the filing of any non-dispositive motions and supporting documents.  Judge Snyder's chambers also requires prompt courtesy copies in excess of 25/50 pages in compliance with **Local Rule 133(f)**.  **Counsel must also comply with Local Rule 251 with respect to discovery disputes or**

1  **the motion will be denied without prejudice and dropped from**

2  **calendar**.[1]

3          In scheduling such motions, the Magistrate Judge may

4  grant applications for an order shortening time pursuant to Local

5  Rule 144.  However, if counsel does not obtain an order shortening

6  time, the notice of motion *must* comply with Local Rule 251.

7          Counsel may appear, and argue non-dispositive motions,

8  telephonically, provided a (written) request to so appear is

9  presented to Judge Snyder's chambers (559-499-5690) no later than

10 five (5) court days prior to the noticed hearing date.  **ALL Out-of-**

11 **town counsel are strongly encouraged to appear telephonically via a**

12 **single conference call to chambers**.  If two or more attorneys

13 request to appear telephonically, then it shall be the obligation

14 and responsibility of the moving party(ies) to make prior

15 arrangements for the single conference call with an AT&T operator,

16 IF counsel do not have conference call capabilities on their

17 telephone systems, and to initiate the call to the court.

18          Regarding discovery disputes, no written discovery

19 motions shall be filed without the prior approval of the assigned

20 Magistrate Judge.  A party with a discovery dispute must first

21 confer with the opposing party in a good faith effort to resolve by

22 agreement the issues in dispute.  If that good faith effort is

23 unsuccessful, the moving party shall then seek a prompt hearing

24 _____

25          [1] Local Rule 251(a) ~ **revised 12/1/09** ~ requires a joint statement re discovery disagreement be filed seven (7) days prior to the scheduled hearing date (i.e., the Wednesday before the customary Wednesday

26 hearing). Any motion(s) will be dropped from calendar IF the statement is not filed OR timely filed AND courtesy copies of any and all motions, including the 251 stipulation, declarations, and exhibits, properly

27 tabbed, fastened, and clearly identified as a "Courtesy Copy (to avoid inadvertent, duplicative, and/or erroneous filing by court staff), exceeding twenty-five (25) pages pursuant to Local Rule 133(f), are not

28 delivered to the Clerk's Office at 9:00 a.m. on the fourth (4th) FULL day (or Thursday) prior to the (customary) hearing (on Wednesday).

with the assigned Magistrate Judge by telephone or in person.  If the hearing is to be conducted by telephone, the Courtroom Deputy Clerk will inform counsel of the date and time of the hearing, and it shall be the responsibility of the moving party to initiate the telephonic conference call to chambers.  The recording of telephonic hearings or conferences with the Court is prohibited, except with prior permission of the Court.  The request for a hearing with a judicial officer carries with it a professional representation by the attorney that a conference has taken place and that s/he has made a good faith effort to resolve the dispute.

The attorneys or unrepresented parties shall supply the assigned Magistrate Judge with the particular discovery materials (i.e., objectionable answers to interrogatories) that are needed to understand the dispute.

If the assigned Magistrate Judge decides that motion papers and supporting memoranda are needed to satisfactorily resolve the discovery dispute, such papers shall be filed in conformity with Rule 7.  Such motions shall (1) quote in full each interrogatory, question at deposition, request for admission, or request for production to which the motion is addressed, or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought; and, (2) the response or objection and grounds therefor, if any, as stated by the opposing party.

Unless otherwise ordered by the Court, the complete transcripts or discovery papers need not be filed with the Court pursuant to subsection (c) of this rule unless the motion cannot be fairly decided without reference to the complete original.

1    All Dispositive Pre-Trial Motions shall be filed on or

2  before November 30, 2012, and are heard on Mondays at 1:30 p.m. in

3  Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W.

4  Ishii, United States District Judge.   In scheduling such motions,

5  counsel shall comply with **Local Rules 230 and 260**.

6                 **Motions for Summary Judgment or Summary Adjudication**

7    Prior to filing a motion for summary judgment or motion for

8  summary adjudication, the parties are **ORDERED** to meet, in person or by

9  telephone, and confer to discuss the issues to be raised in the motion.

10    The purpose of the meeting shall be to: (1) avoid filing

11  motions for summary judgment where a question of fact exists; (2)

12  determine whether the respondent agrees that the motion has merit

13  in whole or in part; (3) discuss whether issues can be resolved

14  without the necessity of briefing; (4) narrow the issues for review

15  by the Court; (5) explore the possibility of settlement before the

16  parties incur the expense of briefing a summary judgment motion;

17  (6) arrive at a joint statement of undisputed facts.

18    The moving party shall initiate the meeting and provide a

19  draft of the joint statement of undisputed facts.   In addition to

20  the requirements of Local Rule 260, the moving party shall file a

21  joint statement of undisputed facts.

22    In the notice of motion, the moving party shall certify

23  that the parties have met and conferred as ordered above or set

24  forth a statement of good cause for the failure to meet and confer.

25    5.   Pre-Trial Conference Date:

26    February 1, 2013 at 8:30 a.m. in Courtroom No. 2 on the

27  Eighth Floor before the Honorable Anthony W. Ishii, United States

28  District Judge.

1    Ten (10) days prior to the Pretrial Conference, the
2 parties shall exchange the disclosures required pursuant to
3 F.R.Civ.P. 26(a)(3).

4    The parties are ordered to file a **JOINT Pretrial**
5 **Statement pursuant to Local Rule 281(a)(2)**.  The parties are
6 further ordered to submit a digital copy of their Joint Pretrial
7 Statement in WordPerfect X3[2] format to Judge Ishii's chambers by
8 e-mail to AWIOrders@caed.uscourts.gov.

9    Counsels' attention is directed to **Rules 281 and 282 of**
10 **the Local Rules** of Practice for the Eastern District of California
11 as to the obligations of counsel in preparing for the Pre-Trial
12 Conference.  **The Court will insist upon strict compliance with**
13 **those Rules**.

14    6.    Trial Date:

15    March 19, 2013 at 8:30 a.m. in Courtroom No. 2 on the
16 Eighth Floor before the Honorable Anthony W. Ishii, United States
17 District Judge.

18    A.    This is a jury trial.

19    B.    Counsels' Estimate of Trial Time:

20    7-10 days

21    C.    Counsels' attention is directed to **Rule 285 of the**
22 **Local Rules** of Practice for the Eastern District of California.

23    7.    Settlement Conference:

24    Should the parties desire a [second] Settlement
25 Conference (Doc. 16), they will jointly request one of the Court,
26 and one will be arranged.

27

28    [2] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

8.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

Not applicable at this time.  However, if the parties are unable to enter into an appropriate stipulation, defendant intends to move to bifurcate the liability and damages phases.

9.   Related Matters Pending:

Not applicable at this time.

10.  Compliance with Federal Procedure:

The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload.  Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

11.  Compliance with Electronic Filing Requirement:

On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF).  Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of January 3, 2005, in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic.  Attorneys

1  are required to file electronically in pro se cases.  More

2  information regarding the Court's implementation of CM/ECF can be

3  found on the court's web site at www.caed.uscourts.gov, including

4  the Court's Local Rules effective January 3, 2005, the CM/ECF Final

5  Procedures, and the CM/ECF User's Manual.

6          While the Clerk's Office will not refuse to file a

7  proffered paper document, the Clerk's Office will scan it and, if

8  improperly filed, notify the Court that the document was filed in

9  an improper format.  An order to show cause (OSC) may be issued in

10 appropriate cases regarding an attorney's disregard for the

11 requirement to utilize electronic filing, or other violations of

12 these electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).

13         All counsel must be registered for CM/ECF.  On-line

14 registration is available at www.caed.uscourts.gov.  Once registered,

15 counsel will receive a login and password in approximately one (1) week.

16 Counsel must be registered to file documents on-line.  See L.R. 135(g).

17 Counsel are responsible for knowing the rules governing electronic filing

18 in the Eastern District.  Please review the Court's Local Rules effective

19 January 3, 2005, available on the Court's web site.

20     12.  Effect of this Order:

21         The foregoing Order represents the best estimate of the

22 Court and counsel as to the agenda most suitable to bring this case

23 to resolution.  The trial date reserved is specifically reserved

24 for this case.  If the parties determine at any time that the

25 schedule outlined in this Order cannot be met, counsel are ORDERED

26 to notify the Court *immediately* so that adjustments may be made,

27 either by stipulation or by subsequent status conference.

28 //

Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

Scheduling orders are vital to the Court's case management.  Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril."  *Johnson*, 975 F.2d at 610.

**THEREFORE, FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:   February 16, 2012**          _____/s/ Sandra M. Snyder_____
                                      UNITED STATES MAGISTRATE JUDGE