IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARTIN,<br><br>           Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, et al.,<br><br>           Defendants. | 1:11-cv-00298-AWI-SMS<br><br>**NEW SCHEDULING CONFERENCE ORDER (Doc. 8)**<br><br>Expert Disclosure Deadline: 9/21/12<br><br>Supplemental Expert Disclosure Deadline: 10/5/12<br><br>Discovery Deadline:<br>8/22/12 (non-expert)<br>11/9/12 (expert)<br><br>Non-Dispositive Motion Filing Deadline: 10/26/12<br><br>Dispositive Motion Filing Deadline: 11/30/12<br><br>[2nd] Settlement Conference: *not applicable at this time*<br><br>Pre-Trial Conference Date: 2/1/13, 8:30am, Ctrm. 2/**AWI**<br><br>Trial Date: 3/19/13, 8:30am, Ctrm. 2/**AWI** (JT ~ 7-10 days) |

    1.   Date of [Re-]Scheduling Conference:

          February 14, 2012.

1

1       2.   Appearances of Counsel:

2          Paul C. Mullen, Esq., of Wagner & Jones, LLP, appeared
3   telephonically on behalf of plaintiff.

4          Michael J. Sexton, Esq., of Ogletree, Deakins, Nash, Smoak &
5   Stewart, P.C., appeared telephonically on behalf of defendant.

6       3.   Discovery Plan and Cut-Off Dates:

7          A.   Pursuant to F.R.Civ.P.26(b), and except as the court
8   may order after a showing of good cause, the "(p)arties may obtain
9   discovery regarding any matter, not privileged, that is relevant to
10  the claim or defense of any other party."

11         B.   Unless otherwise stipulated between the parties or
12  ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery
13  shall be limited as follows:

14             (1)   Depositions:

15                a.   Each side may take no more than ten (10)
16  depositions.

17                b.   A deposition shall be limited to one (1)
18  day of seven (7) hours.  F.R.Civ.P.30(d).

19             (2)   Interrogatories:

20                a.   "(A)ny party may serve upon any other
21  party written interrogatories, not exceeding 25 in number including
22  all discrete subparts . . ."  F.R.Civ.P.33(a).

23         C.   Pursuant to F.R.Civ.P.26(e), the parties shall
24  supplement their disclosures and amend their responses to discovery
25  requests in a timely manner.

26         D.   The parties are ordered to complete all discovery
27  pertaining to non-experts on or before August 22, 2012, and all
28  discovery pertaining to experts on or before November 9, 2012.

2

1         E.   The parties are directed to disclose all expert
2 witnesses, in writing, on or before September 21, 2012, and all
3 supplemental expert witnesses, in writing, on or before October 5,
4 2012.  The written designation of experts shall **be made pursuant to**
5 **F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all**
6 **information required thereunder**.  Failure to designate experts in
7 compliance with this Order may result in the court excluding the
8 testimony or other evidence offered through such experts that are
9 not disclosed pursuant to this Order.
10         The provisions of Fed.R.Civ.P. 26(b)(4) and (5)
11 shall apply to all discovery relating to experts and their
12 opinions.  Experts must be fully prepared to be examined on all
13 subjects and opinions included in the designation.  Failure to
14 comply will result in the imposition of sanctions, which may
15 include striking the expert designation and preclusion of expert
16 testimony.
17     4.   Pre-Trial Motion Schedule:
18         All Non-Dispositive Pre-Trial Motions, including any
19 discovery motions, shall be filed on or before October 26, 2012,
20 and are (customarily) heard on Wednesdays at 10:00 a.m. in
21 Courtroom No. 1 on the Eighth Floor before the Honorable Sandra M.
22 Snyder, United States Magistrate Judge.  **NOTE**: It is the policy of
23 Judge Snyder's chambers that a hearing date first be cleared with
24 chambers at (559) 499-5690 prior to the filing of any non-
25 dispositive motions and supporting documents.  Judge Snyder's
26 chambers also requires prompt courtesy copies in excess of 25/50
27 pages in compliance with **Local Rule 133(f)**.  **Counsel must also**
28 **comply with Local Rule 251 with respect to discovery disputes or**

3

**the motion will be denied without prejudice and dropped from calendar.**[1]

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144. However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear, and argue non-dispositive motions, telephonically, provided a (written) request to so appear is presented to Judge Snyder's chambers (559-499-5690) no later than five (5) court days prior to the noticed hearing date. **ALL Out-of-town counsel are strongly encouraged to appear telephonically via a single conference call to chambers**. If two or more attorneys request to appear telephonically, then it shall be the obligation and responsibility of the moving party(ies) to make prior arrangements for the single conference call with an AT&T operator, IF counsel do not have conference call capabilities on their telephone systems, and to initiate the call to the court.

Regarding discovery disputes, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party shall then seek a prompt hearing

---

[1] Local Rule 251(a) ~ **revised 12/1/09** ~ requires a joint statement re discovery disagreement be filed seven (7) days prior to the scheduled hearing date (i.e., the Wednesday before the customary Wednesday hearing). Any motion(s) will be dropped from calendar IF the statement is not filed OR timely filed AND courtesy copies of any and all motions, including the 251 stipulation, declarations, and exhibits, properly tabbed, fastened, and clearly identified as a "Courtesy Copy (to avoid inadvertent, duplicative, and/or erroneous filing by court staff), exceeding twenty-five (25) pages pursuant to Local Rule 133(f), are not delivered to the Clerk's Office at 9:00 a.m. on the fourth (4th) FULL day (or Thursday) prior to the (customary) hearing (on Wednesday).

1  with the assigned Magistrate Judge by telephone or in person.  If
2  the hearing is to be conducted by telephone, the Courtroom Deputy
3  Clerk will inform counsel of the date and time of the hearing, and
4  it shall be the responsibility of the moving party to initiate the
5  telephonic conference call to chambers.  The recording of
6  telephonic hearings or conferences with the Court is prohibited,
7  except with prior permission of the Court.  The request for a
8  hearing with a judicial officer carries with it a professional
9  representation by the attorney that a conference has taken place
10 and that s/he has made a good faith effort to resolve the dispute.
11         The attorneys or unrepresented parties shall supply the
12 assigned Magistrate Judge with the particular discovery materials
13 (i.e., objectionable answers to interrogatories) that are needed to
14 understand the dispute.
15         If the assigned Magistrate Judge decides that motion
16 papers and supporting memoranda are needed to satisfactorily
17 resolve the discovery dispute, such papers shall be filed in
18 conformity with Rule 7.  Such motions shall (1) quote in full each
19 interrogatory, question at deposition, request for admission, or
20 request for production to which the motion is addressed, or
21 otherwise identify specifically and succinctly the discovery to
22 which objection is taken or from which a protective order is
23 sought; and, (2) the response or objection and grounds therefor, if
24 any, as stated by the opposing party.
25         Unless otherwise ordered by the Court, the complete
26 transcripts or discovery papers need not be filed with the Court
27 pursuant to subsection (c) of this rule unless the motion cannot be
28 fairly decided without reference to the complete original.

5

1    All Dispositive Pre-Trial Motions shall be filed on or
2 before November 30, 2012, and are heard on Mondays at 1:30 p.m. in
3 Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W.
4 Ishii, United States District Judge.  In scheduling such motions,
5 counsel shall comply with **Local Rules 230 and 260**.

**Motions for Summary Judgment or Summary Adjudication**

7    Prior to filing a motion for summary judgment or motion for
8 summary adjudication, the parties are **ORDERED** to meet, in person or by
9 telephone, and confer to discuss the issues to be raised in the motion.

10    The purpose of the meeting shall be to: (1) avoid filing
11 motions for summary judgment where a question of fact exists; (2)
12 determine whether the respondent agrees that the motion has merit
13 in whole or in part; (3) discuss whether issues can be resolved
14 without the necessity of briefing; (4) narrow the issues for review
15 by the Court; (5) explore the possibility of settlement before the
16 parties incur the expense of briefing a summary judgment motion;
17 (6) arrive at a joint statement of undisputed facts.

18    The moving party shall initiate the meeting and provide a
19 draft of the joint statement of undisputed facts.  In addition to
20 the requirements of Local Rule 260, the moving party shall file a
21 joint statement of undisputed facts.

22    In the notice of motion, the moving party shall certify
23 that the parties have met and conferred as ordered above or set
24 forth a statement of good cause for the failure to meet and confer.

25    5.   Pre-Trial Conference Date:
26    February 1, 2013 at 8:30 a.m. in Courtroom No. 2 on the
27 Eighth Floor before the Honorable Anthony W. Ishii, United States
28 District Judge.

6

Ten (10) days prior to the Pretrial Conference, the parties shall exchange the disclosures required pursuant to F.R.Civ.P. 26(a)(3).

The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further ordered to submit a digital copy of their Joint Pretrial Statement in WordPerfect X3[2] format to Judge Ishii's chambers by e-mail to AWIOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California as to the obligations of counsel in preparing for the Pre-Trial Conference. **The Court will insist upon strict compliance with those Rules**.

6. Trial Date:

March 19, 2013 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

    A. This is a jury trial.

    B. Counsels' Estimate of Trial Time:

       7-10 days

    C. Counsels' attention is directed to **Rule 285 of the Local Rules** of Practice for the Eastern District of California.

7. Settlement Conference:

Should the parties desire a [second] Settlement Conference (Doc. 16), they will jointly request one of the Court, and one will be arranged.

---

[2] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

7

...

1    8.   Request for Bifurcation, Appointment of Special Master,
2 or other Techniques to Shorten Trial:
3         Not applicable at this time.  However, if the parties are
4 unable to enter into an appropriate stipulation, defendant intends
5 to move to bifurcate the liability and damages phases.
6    9.   Related Matters Pending:
7         Not applicable at this time.
8    10.  Compliance with Federal Procedure:
9         The Court requires compliance with the Federal Rules of
10 Civil Procedure and the Local Rules of Practice for the Eastern
11 District of California.  To aid the Court in the efficient
12 administration of this case, all counsel are expected to
13 familiarize themselves with the Federal Rules of Civil Procedure
14 and the Local Rules of Practice for the Eastern District of
15 California, and to keep abreast of any amendments thereto.  The
16 Court must insist upon compliance with these Rules if it is to
17 efficiently handle its increasing caseload.  Sanctions will be
18 imposed for failure to follow the Rules as provided in both the
19 Fed.R.Civ.P. and the Local Rules.
20   11.  Compliance with Electronic Filing Requirement:
21        On January 3, 2005, the United States District Court for
22 the Eastern District of California became an electronic case
23 management/filing district (CM/ECF).  Unless excused by the Court,
24 or by Local Rule, attorneys shall file all documents electronically
25 as of January 3, 2005, in all actions pending before the court.
26 While Pro Se Litigants are exempt from this requirement, the court
27 will scan in all documents filed by pro se litigants, and the
28 official court record in all cases will be electronic.  Attorneys

1  are required to file electronically in pro se cases.  More
2  information regarding the Court's implementation of CM/ECF can be
3  found on the court's web site at www.caed.uscourts.gov, including
4  the Court's Local Rules effective January 3, 2005, the CM/ECF Final
5  Procedures, and the CM/ECF User's Manual.
6         While the Clerk's Office will not refuse to file a
7  proffered paper document, the Clerk's Office will scan it and, if
8  improperly filed, notify the Court that the document was filed in
9  an improper format.  An order to show cause (OSC) may be issued in
10 appropriate cases regarding an attorney's disregard for the
11 requirement to utilize electronic filing, or other violations of
12 these electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).
13        All counsel must be registered for CM/ECF.  On-line
14 registration is available at www.caed.uscourts.gov.  Once registered,
15 counsel will receive a login and password in approximately one (1) week.
16 Counsel must be registered to file documents on-line.  See L.R. 135(g).
17 Counsel are responsible for knowing the rules governing electronic filing
18 in the Eastern District.  Please review the Court's Local Rules effective
19 January 3, 2005, available on the Court's web site.
20    12.   Effect of this Order:
21        The foregoing Order represents the best estimate of the
22 Court and counsel as to the agenda most suitable to bring this case
23 to resolution.  The trial date reserved is specifically reserved
24 for this case.  If the parties determine at any time that the
25 schedule outlined in this Order cannot be met, counsel are ORDERED
26 to notify the Court *immediately* so that adjustments may be made,
27 either by stipulation or by subsequent status conference.
28 //

9

Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

Scheduling orders are vital to the Court's case management. Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610.

**THEREFORE, FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:   February 16, 2012**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE